UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN DALE COMPTON, | CIVIL ACTION 3:15-cv-00446 |
| Plaintiff, | |
| v. | COMPLAINT |
| American Coradius International, L.L.C., a Delaware Limited Liability Company, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, RYAN DALE COMPTON ("Plaintiff"), by and through his attorneys, The Law Offices of Mueller and Haller LLC and the Sulaiman Law Group, Ltd., complaining of the Defendant, American Coradius International, L.L.C., a Delaware Limited Liability Company ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages stemming from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant transacts business in the Southern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff, Ryan Dale Compton, is a natural person residing in Edwards County, Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

5. At all times relevant to the action, Defendant was a corporation incorporated under the laws of the State of Delaware with its principal place of business located at 2420 Sweet Home Road, Suite 150, Amherst, NY 14228. Defendant's Illinois Registered Agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Defendant is in the business of collecting delinquent accounts in the state of Illinois.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

8. On information and belief, Plaintiff obtained revolving credit with Bill Me Later, a subdivision of PayPal, Inc. ("Bill Me Later") at some point prior to June 12, 2012. ("subject debt").

9. On June 12, 2012, Plaintiff and his wife, Jessica Gail Compton, filed a Chapter 13 petition and Chapter 13 Plan in the United States Bankruptcy Court, Southern District of Illinois, Case Number 12-40741, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

10. Plaintiff duly listed Bill Me Later on his Schedule F, which listed all debts owed to general unsecured creditors. *See* attached Exhibit B, a true and correct copy of the Schedule F filed by Plaintiff in his bankruptcy case.

11. In paragraph 10 of the Original Chapter 13 Plan, Plaintiff and his wife proposed to pay the sum of $1,000.00 over the life of the plan to general unsecured creditors. *See* attached Exhibit C, a true and correct copy of Plaintiff's original chapter 13 plan.

12. On June 15, 2012, the Chapter 13 Trustee sent a Notice of Chapter 13 Case to all creditors, including Bill Me Later, a subdivision of PayPal, Inc. ("Bill Me Later"). *See* attached Exhibit D, a true and correct copy of the Certificate of Notice executed by the Chapter 13 Trustee.

13. On August 17, 2012, the Honorable Judge Laura K. Grandy entered an Order Confirming Plaintiff's Chapter 13 plan. *See* attached Exhibit E, a true and correct copy of the Order Confirming Plan with service list.

14. On August 19, 2012, the Bankruptcy Noticing Center mailed a copy of the Order Confirming the Chapter 13 plan to all creditors listed in the Bankruptcy. *See* attached Exhibit F, a true and correct copy of Certificate of Service filed by the Bankruptcy Noticing Center.

15. On August 23, 2012, Creditor, Bill Me Later, filed a proof of claim on behalf of PayPal, Inc. *See* attached Exhibit G, a true and correct copy of the Proof of Claim filed by Bill Me Later, Inc.

16. On November 19, 2014, Plaintiff was in receipt of a Dunning Letter from Defendant that was seeking to collect on the Bill Me Later account in which a proof of claim was filed. *See* attached Exhibit H, a true and correct copy of the Dunning Letter sent to Plaintiff.

17. Defendant's collection efforts occurred with actual knowledge of the Plaintiff's bankruptcy filing and within one year of the date of this complaint.

18. Furthermore, Defendant sent the loan statement to Plaintiff with actual knowledge that Plaintiff was represented by counsel.

19. The loan statement was not only a brazen violation of the FDCPA, but also a violation of the confirmation order pursuant to 11 U.S.C. § 1325 and the Automatic Stay pursuant to 11 U.S.C. § 362.

20. The loan statement was highly confusing and upsetting to Plaintiff.

21. Plaintiff has suffered significant emotional distress and mental anguish as a result of the loan statement as Plaintiff was led to believe his bankruptcy filing was futile and had no legal effect.

22. Plaintiff has expended time consulting with his attorneys as a result of the deceptive collection actions of Defendant.

23. Concerned about the violations of his rights and protections afforded by virtue of filing their Chapter 13 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as set forth herein.

25. Defendant violated 15 U.S.C. §§1692 c(a)(2), e(2), e(5), e(10), and f(1) through its debt collection efforts on the subject debt.

26. Defendant violated § 1692c(a)(2), by sending the Dunning Letter when it knew that Plaintiff was represented by counsel, as the identity and contact information of Plaintiff's

bankruptcy counsel was expressly stated in the Notice of Chapter 13 served upon Bill Me Later, Inc.

27. Defendant violated §1692e(2) by falsely representing that the subject debt was due and owing at the time the Dunning Letter was sent when, in fact, it was not, by virtue of the Confirmation Order and the Automatic Stay.

28. Defendant violated § 1692e(5) by sending the Dunning Letter to Plaintiff as it had no legal right to attempt to collect the subject debt by virtue of the Confirmation Order and the Automatic Stay.

29. Defendant violated § 1692e(10) by engaging in deceptive conduct, as the subject debt was not collectable or due at the time the loan statement was sent.

30. Defendant violated § 1692f(1) by attempting to collect a debt that is not permitted by law, as the Plaintiff was protected by the Confirmation Order and the Automatic Stay, precluding any collection efforts on the subject debt.

31. Defendant attempted to coerce and induce Plaintiff into paying a debt that was not legally enforceable.

32. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was included in a pending bankruptcy.

33. Defendant knew or should have known that Plaintiff's pre-petition debt was uncollectable as a matter of law.

34. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not collectible by virtue of bankruptcy filings.

WHEREFORE, Plaintiff, Ryan Dale Compton, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;  and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 22, 2015                    Respectfully Submitted,

/s/ James J. Haller
James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000

Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188